## STOTT v. NEW YORK, L. E. & W. R. CO.

(Supreme Court, General Term, Second Department.   December 12, 1892.)

1. ACCIDENT AT RAILROAD CROSSING—CARE OF PLAINTIFF.

    In an action for injuries sustained at defendant railroad company's crossing, it appeared that when plaintiff approached the track, a train passed, and plaintiff sat in the wagon, facing the track.   After it had passed, plaintiff attempted to cross the track, and was struck by another train.   The flagman at the crossing testified that the train by which plaintiff was injured was 90 feet from the crossing when he saw it, and another witness, who heard the bell ringing on the engine, testified that the train was 100 feet from the crossing when the bell was rung.   *Held,* that the jury could infer that plaintiff took the proper precautions to look and listen before attempting to cross the track.

2. SAME—PHOTOGRAPH IN EVIDENCE.

    Defendant cannot object to the admission of a photograph of the crossing in evidence on the ground that the jury were enabled thereby to learn that since the accident in question defendant had erected gates at the crossing.

Appeal from circuit court, Orange county.

Action by James Stott against the New York, Lake Erie & Western Railroad Company to recover damages for injuries sustained at one of defendant's crossings.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Lewis E. Carr, for appellant.

W. F. O'Neill, for respondent.

PRATT, J.   Appellant urges that the proof fails to show that plaintiff stopped and looked and listened before attempting to cross defendant's track.   The trial judge charged the jury that unless he took those precautions he could not recover, and the verdict shows that the jury believed those precautions were taken.   The appeal book is not certified to contain the whole evidence, and, as no motion for nonsuit was made at the close of plaintiff's case, we may presume the defendant's counsel

were then of opinion the plaintiffs had established their right to go to the jury. Moreover, from the testimony, as it appears, the jury may well have inferred these precautions were taken. It is shown that when plaintiff approached the track a milk train passed, and during the passage the plaintiff sat in the wagon, facing the track. As he was not deaf nor dumb nor asleep, the jury may have presumed that his senses were in use. Counsel suggest that, as other witnesses testify they saw and heard the coming train, the plaintiff would likewise have seen and heard had his senses been alert; but the flagman places the train at a distance of 90 feet when he saw it, and the witness who testifies as to the bell says the train was 100 feet from the crossing when the bell was rung. That distance is passed by a rapid train in two or three seconds, and the warning was then too late to be useful. Apparently the horse saw the train before the flagman, for he turned and galloped 50 feet down the track before overtaken by the train.

The appellant also objects that plaintiff was permitted to put in evidence a photograph of the crossing, by which the jury were enabled to learn that since the accident the defendant had erected gates. We are not able to see that this objection is well taken. To show the jury the place, where an inspection would aid them, is a familiar practice. We are not aware it has ever been held that if one party to a litigation has changed the situation, the other must lose the right to show the premises to a jury. A photograph is an easier way to accomplish the same result.

We find no valid ground of exception, and the judgment must be affirmed, with costs. All concur.